## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT DRUHAN,<br><br>*Plaintiff*,<br><br>v.<br><br>MODERNATX, INC., incorrectly named as<br>STEPHEN HOGE,<br>*Defendant*. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Re: 2283CV00106 |

Defendant ModernaTX, Inc., incorrectly named as Stephen Hoge (together, "Moderna") by *pro se* Plaintiff Robert Druhan, removes this action from the Massachusetts Superior Court, Plymouth County, to the United States District Court for the District of Massachusetts, reserving all defenses and reserving all objections to venue based on 42 U.S.C. § 247d-6d(e)(1), and pursuant to 28 U.S.C. §§ 1331, 1346, 1441, 1442, and 1446, on the following grounds:

### I.    BACKGROUND

1.    This is a *pro se* action filed in Massachusetts state court and alleging personal injuries from the administration of Moderna's COVID-19 Vaccine, mRNA-1273 (the "Moderna COVID-19 Vaccine" or "Vaccine"). It was filed as Case No. 2283CV00106 on February 9, 2022. (Exhibit A, Summons and Complaint.)

2.    Plaintiff names Dr. Stephen Hoge, the president of Moderna, as defendant, but his allegations are primarily directed at Moderna.[1]  For example, Plaintiff alleges "Moderna and doctors and CDC and Federal Government are covering up the side effects of the moderna [sic] . . . vaccine." (Compl. at 5.)  Thus, applying the liberal construction given to *pro se* pleadings, the

---

[1] Plaintiff's Complaint was filed without a case caption or specific causes of action.

Complaint is interpreted as against Moderna, and Moderna (and Dr. Hoge) files this Notice of Removal. The same grounds for removal and federal jurisdiction, however, apply whether the defendant is Moderna or Dr. Hoge.

3. Although Plaintiff does not specify any specific causes of action or body of law under which he purports to sue, through allegations of a purported "cover up" between Moderna, the Centers for Disease Control, and the federal government, among others, he appears to attempt to allege fraud by Moderna and the federal government in connection with Moderna's COVID-19 Vaccine. The Vaccine was developed in collaboration with the federal government and received emergency use authorization ("EUA") by the Food and Drug Administration ("FDA") on December 18, 2020.[2] It received full FDA approval on January 31, 2022.[3] Plaintiff alleges that "Moderna and doctors and CDC and Federal Government are covering up the side effects of the moderna [sic] . . . vaccine" and that "Moderna and CDC and Federal Government and Doctors are and will cover up harm from [sic] Covid 19 Vaccine." (Compl. at 5.)

4. Under any interpretation, Plaintiff's claims are subject to federal jurisdiction. Specifically, a broad federal statute—the Public Readiness and Emergency Preparedness Act ("PREP Act")—expressly protects COVID-19 vaccine manufacturers and their employees, among others, from precisely the type of claims Plaintiff purports to bring. *See* Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020),

---

[2] FDA, *FDA Takes Additional Action in Fight Against COVID-19 By Issuing Emergency Use Authorization for Second COVID-19 Vaccine* (Dec. 18, 2020), *available at* https://www.fda.gov/news-events/press-announcements/fda-takes-additional-action-fight-against-covid-19-issuing-emergency-use-authorization-second-covid

[3] FDA, *FDA Takes Key Action by Approving Second COVID-19 Vaccine* (Jan. 31, 2022), *available at* https://www.fda.gov/news-events/press-announcements/coronavirus-covid-19-update-fda-takes-key-action-approving-second-covid-19-vaccine

effective February 4, 2020, and amended by 85 Fed. Reg. 21012 (Apr. 15, 2020) and subsequent amendments (the "Declaration").   Accordingly, this action is removable to federal court on the following grounds:  (1) Plaintiff's claims arise under federal law or necessarily raise substantial federal questions; and (2) Plaintiff's claims seek to hold Moderna liable in relation to actions it took under the authority of a federal officer.

## II.   GROUNDS FOR REMOVAL

### A.   This Court Has Federal Question Jurisdiction

5.   This case is removable under 28 U.S.C. § 1441(a) on the basis of "original jurisdiction" because Plaintiff asserts claims "arising under" federal law.   28 U.S.C. § 1331. Plaintiff's claims arise under federal law because they are both governed and completely preempted by the PREP Act, 42 U.S.C. §§ 247d-6d(d), 247d-6e (West 2020).

6.   Over a decade ago, Congress recognized the possibility that our country could face devastating public health emergencies such as COVID-19 that would require the swift mobilization of scientific, medical, and other countermeasures on a massive scale.   Moderna's development of its COVID-19 Vaccine was exactly the kind of public health response Congress aimed to facilitate through the PREP Act.   In particular, Congress wanted to encourage pharmaceutical and biotechnology companies to devote more resources to researching and developing new vaccines and medicines so that the country would be prepared in the event of a public health crisis like the COVID-19 pandemic.   One of the barriers that companies have faced in pursuing new vaccines and medicines has been the potentially enormous financial risk of liability from lawsuits related to products that may be widely used in the event of a public health

emergency. [4]  In the PREP Act, Congress helped to remove that challenge and incentivize research and development of new products that might help save lives.   Specifically, the PREP Act's fundamental purpose is to "encourage[] the design, development, clinical testing or investigation, manufacture, labeling, distribution, . . . and use" of vaccines and other countermeasures aimed at addressing public health emergencies.  *Id*. § 247d-6d(b)(6).  To achieve this goal, the PREP Act broadly shields certain entities such as manufacturers and medical professionals by directing that such covered persons "***shall be immune*** from suit and liability under Federal and State law" in relation to the administration or use of "covered countermeasures," including COVID-19 vaccines. *Id*. § 247d-6d(a)(1) (emphasis added).

7.     "Under the PREP Act, immunity is broad." [5]  This is because in enacting the PREP Act, Congress "made the judgment that, in the context of a public health emergency, immunizing certain persons and entities from liability was necessary to ensure that potentially life-saving countermeasures will be efficiently developed, deployed, and administered." [6]

---

[4] *See, e.g*., Emily Field, Ebola Vaccine Makers Get Liability Immunity From HHS, Law360 (Dec. 9, 2014), *available at*  https://www.law360.com/articles/602936/ebola-vaccine-makers-get-liability-immunity-from-hhs

[5]     DHHS     Advisory     Opinion,     at     7     (Apr.     17,     2020),     *available     at* https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-advisory-opinion-hhs-ogc.pdf.  The DHHS has incorporated its Advisory Opinions regarding the PREP Act into the Declaration and advised that "the Declaration ***must be*** construed in accordance with the Department of Health and Human Services (HHS) Office of the General Counsel (OGC) Advisory Opinions" regarding the PREP Act.  Fourth Amendment to the Declaration Under the PREP Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190, 79191 & 79194-95 (Dec. 9, 2020) (emphasis added).

[6] Congressional Research Service ("CRS"), The PREP Act and COVID-19:  Limiting Liability for Medical Countermeasures, at 1  (Updated Jan. 13, 2022) (hereinafter "CRS Rep."), *available at* https://bit.ly/34pQOjR

8.      Plaintiff's Complaint does not specify any law or cause of action pursuant to which he asserts entitlement to relief.  Regardless of the exact claims Plaintiff seeks to pursue, however, his allegations establish that they are governed and completely preempted by the PREP Act and the Declaration.

9.      *First*, Moderna is squarely covered by the PREP Act and is "immune from suit and liability under Federal and State law" for claims like Plaintiff's relating to the Moderna COVID-19 Vaccine.  42 U.S.C. § 247d-6d(a)(1).  The Act provides immunity to a "covered person" for "claims for loss caused by, arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure."  *Id*. § 247d-6d(a).  A "covered countermeasure" includes "***any vaccine***" that is "used to treat, diagnose, cure, prevent, or mitigate COVID–19, or the transmission of SARS-CoV–2 or a virus mutating therefrom."  Declaration, 85 Fed. Reg. at 15202 (emphasis added); 42 U.S.C. § 247d-6d(i)(1).  The Moderna COVID-19 Vaccine was authorized and later approved by the FDA to prevent COVID-19 in adults and is, therefore, unquestionably a covered countermeasure.  42 U.S.C. § 247d-6d(i)(1).

10.     As the manufacturer of the Vaccine, Moderna (and its employees) qualify as "covered persons."  *Id*. § 247d-6d(i)(2)(B).[7]  Plaintiff's claims, which concern the administration of the Vaccine in accordance with the public health and medical response of the State of Massachusetts (*see, e.g.*, Compl. at 5), necessarily "aris[e] out of, relat[e] to, or result[] from" the administration and use of a covered countermeasure and are thus exclusively governed by the PREP Act.  *Id*. § 247d-6d(a).

---

[7] As a Moderna employee, Dr. Hoge also qualifies as a "covered person," 42 U.S.C. § 247d-6d(i)(2)(B)(v), and is "immune from suit and liability under Federal and State law" for claims like Plaintiff's relating to the Moderna COVID-19 Vaccine.  *Id*. § 247d-6d(a)(1).

11.     *Second*, Plaintiff's claims are completely preempted by the PREP Act because it displaces state law causes of action and provides an exclusive federal remedy to compensate eligible individuals who allege they experienced personal injuries as a result of receiving a COVID-19 vaccine.  *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003); 42 U.S.C. § 247d-6e.  With one narrow exception discussed below (and inapplicable here), the Act permits individuals to assert claims for alleged personal injuries from a covered countermeasure only through the Countermeasures Injury Compensation Program ("CICP"), which is designed to provide "timely, uniform, and adequate compensation" through a no-fault claims process.  42 U.S.C. § 247d-6e(a).  That federal administrative remedy is "exclusive."  *Id.* § 247d-6e(d).

12.     The "sole exception" to immunity under the Act and to the federal administrative remedy it provides through the CICP is "***an exclusive Federal cause of action***" for "death or serious physical injury proximately caused by willful misconduct."  *Id.* § 247d-6d(d)(1) (emphasis added).  Such an action "***shall*** be filed and maintained only in the United States District Court for the District of Columbia."  *Id.* § 247d-6d(e)(1) (emphasis added).  Thus, while Plaintiff has not satisfied the pleading or procedural requirements for such an action, *id.* § 247d-6d(e), even if he were able to pursue an action alleging willful conduct, he could proceed only in federal court.

13.     Where, as here, "a federal statute wholly displaces [a] state-law cause of action" by "provid[ing] the exclusive cause of action for the claim asserted and [] set[ting] forth procedures and remedies governing that cause of action," state law claims are completely preempted and federal question jurisdiction exists.  *Anderson*, 539 U.S. at 8; *see also Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 17 (1st Cir. 2018); *CSX Transportation, Inc. v. Healey*, 327 F. Supp. 3d 260, 264-67 (D. Mass. 2018); *Cambridge Literary Properties, Ltd. v. W. Goebel*

*Porzellanfabrik G.m.b.H. & Co. Kg*., 448 F. Supp. 2d 244, 257 (D. Mass. 2006), *aff'd*, 510 F.3d 77 (1st Cir. 2007).

14.     Congress gave yet further confirmation that it intended the PREP Act to completely preempt state law claims by including an express preemption clause in Act.  The Act provides that "no State or political subdivision of a State may establish, enforce, or continue in effect" any state law relating to a covered countermeasure that "is different from, or is in conflict with, any requirement" under the Act or that "relates to the design, development, clinical testing or investigation, formulation, manufacture, distribution, sale, . . . labeling, licensing, use, [or] any other aspect of safety or efficacy" of a covered countermeasure.  42 U.S.C. § 247d-6d(b)(8).

15.     As one appellate court observed in holding that state law claims were preempted under the PREP Act, "the breadth of the [Act's] preemption clause," "the sweeping language of the statute's immunity provision," and the Act's "provision of . . . exclusive federal remedies" in the form of the CICP and "a separate federal cause of action for . . . willful misconduct," together show that "Congress intended to preempt all state law tort claims arising from the administration of covered countermeasures."  *Parker v. St. Lawrence Cty. Pub. Health Dep't*, 102 A.D.3d 140, 143–44 (N.Y. App. Div. 2012).

16.     "The plain language of the PREP Act makes clear that there is complete preemption of state law" claims involving conduct covered by the Act.  Fifth Amendment to Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 86 Fed. Reg. 7872, 7874 (Feb. 2, 2021).  Both the Department of Health and Human Services and the U.S. Department of Justice ("DOJ") have identified the PREP Act as a "complete preemption" statute.  *See* DHHS Advisory Opinion 21-01, at 1 (Jan. 8, 2021), *available at* https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/2101081078-jo-

advisory-opinion-prep-act-complete-preemption-01-08-2021-final-hhs-web.pdf; DOJ Statement of Interest, *Bolton v. Gallatin Ctr. For Rehab. & Healing*, LLC, No. 20-cv-00683 (M.D. Tenn. Jan. 19, 2021), ECF No. 35-1. Plaintiff's claims are governed and completely preempted by the PREP Act, and, thus, this Court has federal question jurisdiction over this action.[8]

> **B.     This Court Has Jurisdiction Under the Federal Officer Statute**

17.     Removal of this action to federal court is also proper under 28 U.S.C. § 1442(a) for the separate and independent reason that Plaintiff brings claims against Moderna in relation to acts undertaken at the direction of a federal officer. Federal officer removal is proper where the defendant shows: (1) "that [it was] acting under a federal officer's authority"; (2) that there is "'a nexus' between the allegations in the complaint and conduct undertaken at the behest of a federal officer"; and (3) "that [it] will assert a colorable federal defense to the suit." *Rhode Island v. Shell Oil Prod. Co.*, 979 F.3d 50, 59 (1st Cir. 2020), *summarily vacated on other grounds*, 141 S. Ct. 2666 (2021).[9]

---

[8] Courts within the First Circuit have not yet addressed the issue of complete preemption under the PREP Act. Although some other circuit courts of appeal have held that the PREP Act did not completely preempt state law claims, none of the cases involved claims against COVID-19 vaccine manufacturers. Instead, the cases generally involved alleged improper action or inaction by nursing homes or assisted living facilities during the pandemic, which are far removed from Moderna's role as a vaccine manufacturer. *See, e.g.*, *Maglioli v. All. HC Holdings LLC*, 16 F.4th 393, 410-11 (3d Cir. 2021); *Mitchell v. Advanced HCS, L.L.C.*, 2022 WL 714888, at *3-4 (5th Cir. Mar. 10, 2022); *Martin v. Filart*, 2022 WL 576012, at *1 (9th Cir. Feb. 25, 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022); *see also Baskin v. Big Blue Healthcare, Inc.*, 2020 WL 4815074, at *6 (D. Kan. Aug. 19, 2020). In addition, this Court need not even reach the issue of complete preemption to find that it has federal jurisdiction over this case. As set forth below, this Court also has jurisdiction under the federal officer statute for reasons that did not exist in the foregoing cases.

[9] The same analysis applies to Dr. Hoge as an employee of Moderna. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007).

18.     Removal rights under the federal officer statute are broadly construed.  *See Moore v. Elec. Boat Corp*., 25 F.4th 30, 35 (1st Cir. 2022).  Suits against defendants acting under the authority of federal officers "may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law."  *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999).  "[T]he right of removal is absolute for conduct performed under color of federal office," *Arizona v. Manypenny,* 451 U.S. 232, 242 (1981), and the policy of ensuring a federal forum to federal officers and those working at their direction should not be "frustrated by a narrow, grudging interpretation" of section 1442(a)(1).  *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 487 (1st Cir. 1989) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).  Courts therefore mandate that "the statute as a whole must be liberally construed" in favor of removal.  *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 136 (2d Cir. 2008); *accord Moore,* 25 F.4th at 35.  Section 1442(a) is written broadly "to cover all cases where federal officers can raise a colorable defense."  *Fields v. Brown*, 519 F. Supp. 3d 388, 392 (E.D. Tex. 2021) (quoting *Willingham*, 395 U.S. at 407).  Moderna satisfies all three requirements for federal officer removal.

19.     ***First***, Moderna was acting under the direction of a federal officer when it engaged in the conduct on which Plaintiff bases his claims.  The phrase "acting under" includes "an effort to assist, or to help carry out, the duties or tasks of the federal superior."  *Watson*, 551 U.S. at 152 (emphasis omitted); *accord Shell Oil Prod. Co.*, 979 F.3d at 59; *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 468 (3d. Cir. 2015).  The "acting under" requirement is broad and to be liberally construed.  *Watson*, 551 U.S. at 147; *see also Moore*, 25 F.4th at 35, n.3; *Ruppel v. CBS Corp*., 701 F.3d 1176, 1181 (7th Cir. 2012).  Plaintiff contends that he was harmed by the Moderna COVID-19 Vaccine and that Moderna acted

together with the federal government to "cover[] up the side effects" and "harm from" the Vaccine. (Compl. at 5.)

20.    Moderna's COVID-19 Vaccine was "co-developed by Moderna and investigators from [the National Institute of Allergy and Infectious Diseases] Vaccine Research Center."[10] Among the examples of Moderna's unique coordination with the federal government, the protocols for the Moderna COVID-19 Vaccine clinical trials were developed in collaboration with the federal government,[11] the NIH *led* the Phase 1 clinical trials for the Vaccine, and the federal government contracted with Moderna to manufacture and deliver hundreds of millions of doses of the Vaccine for the federal government's use and in ultimate advancement of the government's goal of "delivering safe and effective vaccines to the American people by the end of [2020]."[12]

21.    In *Kehler v. Hood*, a court considered analogous issues in a product liability action involving the manufacturer of the H1N1 vaccine—a countermeasure developed in response to an earlier public health emergency and that was also subject to PREP Act declarations.  2012 WL 1945952, at *1, 3 (E.D. Mo. May 30, 2012).  There, the court found federal officer jurisdiction proper because the manufacturer there, like Moderna here, acted "pursuant to the directive of and under contract with the United States government in order to prevent an influenza pandemic in the

---

[10] *See* Moderna, Moderna Announces FDA Authorization of Moderna COVID-19 Vaccine in U.S. (Dec. 18, 2020), *available at* https://investors.modernatx.com/news/news-details/2020/Moderna-Announces-FDA-Authorization-of-Moderna-COVID-19-Vaccine-in-U-S--12-18-2020/default.aspx

[11] DHHS, Trump Administration Announces Framework and Leadership for 'Operation Warp Speed' (May 15, 2020), *available at* https://www.defense.gov/News/Releases/Release/Article/2310750/trump-administration-announces-framework-and-leadership-for-operation-warp-speed/ (emphasis added).

[12] DHHS, Trump Administration Collaborates With Moderna to Produce 100 Million Doses of COVID-19 Investigational Vaccine" (Aug. 11, 2020), *available at* https://www.defense.gov/News/Releases/Release/Article/2309561/trump-administration-collaborates-with-moderna-to-produce-100-million-doses-of/

United States." *Id.* at *1-3 (dismissing claims against the vaccine manufacturer as barred under the PREP Act).

22.     So too in the context of COVID-19 response activities, a company's "interact[ions] with multiple [federal] agencies, namely by being 'in close contact with [federal] officials'" for purposes of helping the government address this unprecedented national emergency establish the federal direction requirement for federal officer removal purposes. *Fields*, 519 F. Supp. 3d at 392. In *Fields*, for example, the court held that the defendant food manufacturing company and its meatpacking plant employees established federal jurisdiction under the federal officer removal statute by showing that defendants collaborated with the federal government to continue their operations during the COVID-19 pandemic to help ensure an adequate food supply, including by working with federal agencies to receive personal protective equipment for employees. *Id.* at 392-93; *accord Johnson v. Tyson Foods, Inc.*, 2021 WL 5107723, at *3-7 (W.D. Tenn. Nov. 3, 2021); *Reed v. Tyson Foods, Inc.*, 2021 WL 5107725, at *3-7 (W.D. Tenn. Nov. 3, 2021). Moderna, in its development and distribution of the Vaccine, similarly acted at the specific direction, oversight, and coordination with the federal government as part of a federal effort to address the ongoing national emergency and the government's ultimate goal of facilitating the development, manufacturing, and distribution of COVID-19 vaccines.

23.     Moderna's actions were taken in "an effort to assist, or to help carry out, the duties or tasks" directed by the federal government, *Watson*, 551 U.S. at 152 (emphasis omitted), including the Department of Health and Human Services and the President, in responding to the COVID-19 pandemic. Moderna's actions and conduct were taken due to unprecedented and "strong government intervention," which went beyond the "general auspices of a federal officer, such as being a participant in a regulated industry." *Fung v. Abex Corp.*, 816 F. Supp. 569, 572

(N. D. Cal. 1992) (citation and quotation omitted).  Moderna was thus "acting under" the authority of federal officers.

24.     **Second**, there is a clear nexus between Moderna's actions under federal authority and Plaintiff's claims that he experienced injury as a result of purportedly false statements and actions by Moderna relating to the Vaccine.  *Shell Oil Prod. Co.*, 979 F.3d at 59.  The federal officer removal statute provides for removal of a civil action "for or **relating to**" an act under color of federal office.  28 U.S.C. §1442(a)(1) (emphasis added).  This includes "actions, not just *causally* connected, but alternatively *connected* or *associated*, with acts under color of federal office."  *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 292 (5th Cir. 2020); *accord Moore*, 25 F.4th at 35.  Plaintiff's claims concern Moderna's design, clinical testing, development, manufacturing, labeling, and distribution of the Moderna COVID-19 Vaccine, which are directly related to its actions under directives by the federal government.[13]

25.     **Third**, Moderna intends to assert colorable federal defenses.  For purposes of federal officer removal, the defense must be "colorable" and need not be "clearly sustainable," as the purpose of the removal statute is to provide for the validity of the defense to be tried in federal court.  *Willingham*, 395 U.S. at 407; *see also Kircher v. Putnam Funds Trust,* 547 U.S. 633, 644 n.12 (2006).  "[A] defendant seeking removal need not virtually win his case, nor must his defense even be clearly sustainable on the facts."  *Cuomo v. Crane Co.*, 771 F.3d 113, 115-116 (2d Cir. 2014) (quotations and citations omitted); *see also Moore*, 25 F.4th at 37.  The colorable federal defense element is met where a defendant asserts that it was complying with federal directives. *See Mesa v. California*, 489 U.S. 121, 126-127 (1989); *Venezia v. Robinson*, 16 F.3d 209, 212 (7th

---

[13]   *See* BARDA and ModernaTX, Inc. Contract (Apr. 16, 2020), *available at* https://www.hhs.gov/sites/default/files/moderna-75a50120c00034.pdf

Cir. 1994); *see also Rural Community Workers Alliance v. Smithfield*, 459 F. Supp. 3d 1228 (W.D. Mo. 2020) (compliance with federal guidelines aimed to protect employees from COVID-19 exposure served as a defense to civil liability). As set forth above, Moderna asserts federal defenses, including immunity and preemption defenses under the PREP Act. *See supra* ¶¶ 5-16.

### III.    PROCEDURAL REQUIREMENTS

26.    This notice is filed on behalf of Moderna and Dr. Hoge pursuant to 28 U.S.C. § 1446(b)(2)(A).

27.    Concurrent with the filing of this Notice or promptly thereafter, Moderna and Dr. Hoge are serving this Notice of Removal on all other parties pursuant to 28 U.S.C. § 1446(d).

28.    Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and documents from Plymouth County Superior Court of Massachusetts served upon Moderna are attached as Exhibit A.

29.    This removal is timely under 28 U.S.C. § 1446(b) because Moderna and/or Dr. Hoge were served with the Summons and Complaint on March 2, 2022.

30.    Removal to the United States District Court for the District of Massachusetts is proper because the Complaint was filed in the Superior Court of Massachusetts, Plymouth County, which is located within the jurisdiction of this District. *See* 28 U.S.C. § 1441(a).

**WHEREFORE**, having shown that this case is properly removable on the basis of federal question jurisdiction and under the federal officer statute, Moderna and Dr. Hoge provide notice pursuant to 28 U.S.C. § 1446 that the Action pending in Plymouth County Superior Court of Massachusetts as Case No. 2283CV00106 is removed to the United States District Court for the District of Massachusetts, and respectfully requests that this Court exercise jurisdiction over this case.

Dated: March 22, 2022                                   Respectfully submitted,

/s/ *Brenda R. Sharton*
Brenda R. Sharton (BBO No. 556909)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
Telephone: (617) 728-7100
Facsimile: (617) 275-8374
brenda.sharton@dechert.com

OF COUNSEL:

Sara B. Roitman (*pro hac vice* forthcoming)
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601-1608
Telephone: (312) 646-5857
Facsimile: (312) 646-5858
sara.roitman@dechert.com

Mara Cusker Gonzalez
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Telephone: (212) 641-5665
Facsimile: (212) 698 3599
mara.cuskergonzalez@dechert.com


*Attorneys for Defendant ModernaTX, Inc.
and Dr. Stephen Hoge*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on March 22, 2022 via First Class Mail upon Robert Druhan, appearing *pro se*, at the address designated in the Massachusetts Superior Court Civil Action Cover Sheet (attached as Exhibit A).

/s/ *Brenda R. Sharton*
Brenda R. Sharton